**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 22-4622**

─────────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

BRENDON TYRE GARNER, a/k/a Breeze,

Defendant - Appellant.

─────────────

Appeal from the United States District Court for the Southern District of West Virginia, at Huntington.  Robert C. Chambers, District Judge.  (3:21-cr-00140-1)

─────────────

Submitted:  May 12, 2023                                    Decided:  August 30, 2023

─────────────

Before DIAZ, Chief Judge, RUSHING, Circuit Judge, and MOTZ, Senior Circuit Judge.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

**ON BRIEF:** Glen Conway, CONWAY LAW OFFICE, Huntington, West Virginia, for Appellant.  William S. Thompson, United States Attorney, Ryan A. Keefe, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, West Virginia, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Brendon Tyre Garner appeals his conviction and the 100-month sentence imposed following a jury trial for possessing ammunition as a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (2018).  On appeal, Garner argues that the district court erred by declining to instruct the jury on a justification defense and by enhancing his sentence based on acquitted or uncharged conduct.  We affirm.

"A defendant is entitled to an instruction as to any recognized defense for which there exists evidence sufficient for a reasonable jury to find in his favor."  *United States v. Ricks*, 573 F.3d 198, 200 (4th Cir. 2009) (cleaned up).  The defendant bears the burden of proving an affirmative defense by a preponderance of the evidence.  *Dixon v. United States*, 548 U.S. 1, 17 (2006).  "Whether an affirmative defense is established is a factual issue that is usually a function of the jury, and the trial court rarely rules on a defense as a matter of law."  *United States v. Sarno*, 24 F.3d 618, 621 (4th Cir. 1994).  However, where there is insufficient evidence to support any element of an affirmative defense, the district court may preclude a defendant from presenting evidence of the defense at trial "or, if some evidence is already presented at trial, the court can refuse to instruct the jury on the . . . defense."  *Id.* (citing *United States v. Bailey*, 444 U.S. 394, 414, 416 (1980)).  "A district court's refusal to instruct the jury on such a defense presents a question of law that we review de novo."  *Ricks*, 573 F.3d at 200.

A defendant is entitled to a jury instruction on the defense of justification if he puts forth sufficient evidence that he

2

(1) was under unlawful and present threat of death or serious bodily injury; (2) did not recklessly place himself in a situation where he would be forced to engage in criminal conduct; (3) had no reasonable legal alternative (to both the criminal act and the avoidance of the threatened harm); and (4) that there was a direct causal relationship between the criminal action and the avoidance of the threatened harm.

*United States v. Mooney*, 497 F.3d 397, 406 (4th Cir. 2007) (cleaned up). We have construed the justification defense "very narrowly" in cases concerning felons in possession of firearms, and "we reserve its application for the rarest of occasions." *Id.* (internal quotation marks omitted).

Upon review, we conclude that the district court did not err by declining to give a justification instruction. The evidence presented at trial shows that Garner had the opportunity to avoid meeting the victim in person but, regardless of his worries about the safety of the meeting, he nonetheless chose to meet him. He also decided to acquire a firearm and ammunition to take with him to the meeting. This is not the "extraordinarily uncommon" scenario in which the justification defense is applicable. *United States v. Gilbert*, 430 F.3d 215, 219 (4th Cir. 2005). Thus, the district court did not err in finding there was insufficient evidence to support giving the requested instruction.

As for Garner's challenge to his sentence, "[s]entencing judges may find facts relevant to determining a [Sentencing] Guidelines range by a preponderance of the evidence, so long as that Guidelines sentence is treated as advisory and falls within the statutory maximum authorized by the jury's verdict." *United States v. Medley*, 34 F.4th 326, 335 (4th Cir. 2022) (internal quotation marks omitted). The Supreme Court has held "that 'a jury's verdict of acquittal does not prevent the sentencing court from considering

conduct underlying the acquitted charge, so long as that conduct has been proved by a preponderance of the evidence.'" *Id.* at 335 (quoting *United States v. Watts*, 519 U.S. 148, 157 (1997)). Thus, a district court may consider uncharged or acquitted conduct at sentencing without violating a defendant's constitutional rights. *Id.* at 336. Garner acknowledges this precedent but nonetheless argues that the district court erred at sentencing by finding he committed an aggravated assault, even though he was not charged with that offense and the jury had acquitted him of other charges in relation to the same conduct. However, as we recently explained, "[w]hether or not we agree or disagree with the precedent from the Supreme Court and this Court, we are bound to follow it." *Id.* Accordingly, we conclude that Garner's argument is foreclosed by the binding precedent supporting the district court's findings.

We therefore affirm the criminal judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*